CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

JUN 19 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| TODD L. VIA, | CASE NO. 5:12CV00109 |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| CAROLYN W. COLVIN,[1] Acting Commissioner of Social Security, | |
| | By: B. Waugh Crigler |
| Defendant. | U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's July 1, 2009 protectively-filed application for a period of disability and disability insurance benefits under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416 and 423, is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions, and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter DENYING the plaintiff's motion for summary judgment, GRANTING the Commissioner's motion for summary judgment, and DISMISSING this case from the docket of the court.

In a decision dated April 19, 2011, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity since July 1, 2009, the day following the prior Law Judge's decision.[2] (R. 17-19; 65-79.) The Law Judge determined that plaintiff's

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. (Dkt. No. 14.) Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin hereby is substituted for Michael J. Astrue as the defendant in this action.

[2] Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment or combination of

coronary artery disease, seizure disorder, and borderline intellectual functioning were severe impairments.[3] (R. 19.) He also concluded that, through the date of the hearing, plaintiff did not suffer an impairment or combination of impairments which met or equaled a listed impairment. (R. 20-21.) Further, the Law Judge found that plaintiff possessed the residual functional capacity ("RFC") to perform a range of light work with the following limitations: a) he could only perform simple, routine tasks; b) he must avoid ladder, rope, or scaffold climbing as well as balancing; and c) he must avoid concentrated exposure to workplace hazards, such as moving machine parts and unprotected heights.[4] (R. 22-24.)

The Law Judge relied on portions of the testimony of Barry Steven Hensley, Ed.D., a vocational expert ("VE"), which were in response to questions premised on the Law Judge's RFC finding. (R. 24-26, 48-60.) Based on this testimony, the Law Judge determined that plaintiff was unable to perform his past relevant work as a landscaper/wood stacker, forklift operator, and maintenance worker. (R. 24-25.) However, he determined that there were other jobs that existed in significant numbers in the local and national economy which plaintiff could

---

impairments that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(A) (2004). Substantial gainful activity is "work activity that involves doing significant physical or mental activities," and it is typically determined by the amount of a claimant's earnings. *See* 20 C.F.R. §§ 404.1572 and 1574. In order to qualify for a period of disability and disability insurance benefits, plaintiff must establish that he became disabled prior to the expiration of his insured status, which is December 31, 2012. *See* 20 C.F.R. § 404.131(a); (R. 19, 146.) Though plaintiff alleged disability beginning on June 26, 2009, a prior decision issued on June 30, 2009 determined that plaintiff not disabled through that date. (R. 17, 65-79.) Plaintiff did not appeal this decision and so it became final. 20 C.F.R. § 404.955. The Law Judge in this case considered the period commencing on July 1, 2009, one day after that decision. (R. 17.)

[3] A severe impairment is any impairment or combination of impairments which significantly limits a claimant's physical or mental ability to do basic work activities. *See* 20 C.F.R. § 404.1520(c).

[4] Light work is defined as the ability to frequently lift or carry objects weighing ten pounds and occasionally lift no more than twenty pounds, and the ability to stand or walk intermittently for six hours of an eight-hour workday. 20 C.F.R. § 404.1567(b); SSR 83-10, 1983 WL 31251, at *5-6 (1983).

2

perform: specifically, hand packer and inspector/sorter/tester. (R. 25-26.) Accordingly, the Law Judge found that plaintiff was not disabled. (R. 26.)

Plaintiff appealed the Law Judge's April 19, 2011 decision to the Appeals Council. (R. 1-7, 398-399.) In its August 29, 2012 notice, the Council found no basis to review the Law Judge's decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1-2.) This action ensued and briefs were filed.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence, which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585, 589-590 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). Substantial evidence is defined as evidence, "which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than preponderance." *Id.* at 642. When the Appeals Council considers additional evidence offered for the first time on administrative appeal and denies review, courts must consider the record as a whole, including the new evidence, in determining whether the Commissioner's final decision is supported by substantial evidence. *Meyers v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011); *Wilkins v. Secretary*, 953 F.2d 93, 96 (4th Cir. 1991).

In a brief in support of his motion for summary judgment, plaintiff presents a single challenge to the adverse final decision. (Dkt. No. 12, at 3-8.) He argues that the Law Judge's

3

decision is not supported by substantial evidence because the Law Judge failed to consider the "worn-out worker" rule, 20 C.F.R. § 404.1562(a), and, thus, failed to properly adjudicate the claim under the Commissioner's regulations.[5] *Id.* at 3, 8. He asks that this court reverse the final decision and award benefits. *Id.* at 8. In the alternative, he contends that the case should be remanded to the Commissioner to consider the record in light of worn-out worker rule. *Id.* The Commissioner contends that plaintiff clearly does not meet the strict requirements of the rule. (Dkt. No. 15, at 11-12.) Therefore, she asks the court to dismiss out-of-hand any argument that the rule should have been applied.

As an initial matter, it appears clear, and plaintiff does not dispute, that the Law Judge's residual functional capacity finding is supported by substantial evidence. The Law Judge found that plaintiff's coronary artery disease, seizure disorder, and borderline intellectual functioning were all severe impairments. (R. 19.) However, none of these conditions were found to have caused disabling limitations either alone or in combination. Plaintiff did have a myocardial infarction and bilateral hip claudication. (R. 367-373, 403-405.) After a cardiac catheterization and an aortofemoral bypass graft and deep femoral vein endarterectomy were performed in November 2009 and March 2010 respectively, plaintiff's condition improved dramatically. *Id.* In April 2010, plaintiff's physical examination was normal, with well controlled blood pressure, generally normal lung function, and normal heart rate and rhythm with no murmurs, rubs, or gallops. (R. 364, 370.) Plaintiff also reported that his level of activity had increased following surgery with no recurrence of angina symptoms and a significant improvement in his claudication symptoms. (R. 367, 370.)

---

[5] However, it does appear that the state agency experts, upon whose opinions the Law Judge heavily relied, did consider the rule in part. (R. 193, 226.) Furthermore, the previous Law Judge, whose decision the Law Judge considered as background, specifically considered the rule, finding that it did not apply to plaintiff's claim. (R. 74.)

4

In July 2010, plaintiff had no complaints of claudication and stated that his legs felt much better. (R. 1105.) The treating sources reported generally normal physical findings, the loss of forty pounds following surgery, no recurrence of his angina symptoms, and a complete resolution of his claudication symptoms, with an increase of his walking distance from only fifty feet to about a quarter mile. (R. 1131-1132.) In September 2010, a physical examination again revealed almost entirely normal strength, reflexes, gait, walk, etc. (R. 1128.) This was echoed in a report of examination in December 2010, with a notation that plaintiff had suffered no recurrence of angina or claudication symptoms. (R. 1126-1127.)

Plaintiff's seizure disorder also appears to have been well controlled with medication. While plaintiff experienced seizures following frontoparietal damage sustained in a motor vehicle accident at age 16 in 1976, the disorder came under greater control once he was prescribed Keppra. (R. 340-341.) By March 2009, plaintiff was having roughly one seizure a week while on Keppra, though by September 2009, he reported he had been seizure free in the previous months. (R. 346-347, 412-413.) A year later in September 2010, plaintiff reported suffering a single seizure-like event while taking a nap, but he denied there had been other daytime or nocturnal events and acknowledged he was tolerating the medication well. (R. 1127-1128.) His treating source reported that his condition was "under excellent control with Keppra monotherapy." (R. 1128.)

While the evidence shows plaintiff suffers borderline intellectual functioning, there also is evidence that the condition would not prevent him from working. (R. 145-146.) Consultative examiner, David S. Leen, Ph.D., concluded in October 2007 that while plaintiff's intellectual and memory limitations would interfere with his ability to perform complex or challenging work activities, his ability to perform basic work activities was not impaired. (R. 332-336.) No other

5

mental or psychological limitations were noted, and both State agency medical reviewers concluded that plaintiff could still work in spite of the impairment. (R. 187, 219-220.) Accordingly, there is substantial evidence supporting the Law Judge's determination that plaintiff was capable of performing light work with the nonexertional limitations set forth in his opinion.

Notwithstanding, plaintiff contends that he meets the standards of the "worn-out worker" rule. 20 C.F.R. § 404.1562(a). The "worn-out worker" rule is designed to protect individuals who otherwise would not be found disabled under a rigid application of the regulations. It is to be considered before the Law Judge proceeds to step five of the sequential evaluation in determining whether there are other jobs in significant numbers in the national economy which the claimant can perform, taking into account the claimant's RFC, age, education, and work experience. SSR 82-63, 1982 WL 31390 (1982). The rule requires that a claimant have no more than a marginal education,[6] have work experience of thirty-five years of only arduous, unskilled, physical labor;[7] and is not working and is no longer able to perform this kind of work because of a severe impairment. 20 C.F.R. § 404.1562(a). All factors must be present, and, if so, the Commissioner is to consider the claimant unable to do lighter work and, therefore, must find the claimant disabled. *Id.*

---

[6] A marginal education is defined as "ability in reasoning, arithmetic, and language skills which are needed to do simple, unskilled types of jobs." 20 C.F.R. § 404.1564(b)(2). Generally, formal schooling at the sixth grade level or less will be considered marginal education. *Id.*

[7] Arduous work does not refer to a specific exertional level, and though it will usually entail heavy work, it does not exclusively mean such. Instead, it is primarily physical work requiring a high level of strength and endurance and which demands a great deal of stamina and activity. SSR 82-63, 1982 WL 31390, at *3 (1982). Meanwhile, unskilled work is "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 404.1568(a). Furthermore, it is work from which a claimant does not gain any work skills. *Id.*

As an initial matter, plaintiff's claim that he meets the criteria of the worn-out worker rule may be barred by administrative *res judicata*. Plaintiff previously filed disability applications on March 30, 2007, which were rejected by a Law Judge on June 30, 2009. (R. 65-79.) There is no indication in this record that he appealed this decision, and so, it became final on that date. 20 C.F.R. § 404.955. In the decision, the former Law Judge found that plaintiff was not disabled under the worn-out worker rule, concluding that he did not have thirty-five years of work experience, and that this work experience was not limited to only unskilled physical labor. (R. 74, fn10.) While the decision would not be binding on a claim arising after June 30, 2009, it is clear from the record that plaintiff's vocational history has not changed because there is no evidence that he has worked since that alleged onset date. (R. 146.) Accordingly, the undersigned finds that plaintiff's claim under the worn out worker rule is barred by administrative *res judicata*. *See Lively v. Secretary of Health and Human Services*, 820 F.2d 1391 (4th Cir. 1987).

If plaintiff's claim is not found barred by administrative *res judicata*, it is clear from the record that the Law Judge did not consider the worn-out worker rule in his evaluation of plaintiff's claim, despite the fact that plaintiff's counsel specifically raised the issue in the hearing. (R. 58-60.) As noted by the Commissioner, however, while plaintiff meets some of the requirements under the regulation, he does not satisfy all of them. Plaintiff testified that he finished the sixth grade, did not pass either the second, third, fourth, or fifth grades but simply was advanced "because I was bigger than the rest of the kids" and underwent no additional vocational training.[8] (R. 36, 43.) The Law Judge found that plaintiff had a marginal education

---

[8] Plaintiff appears to have told David S. Leen, Ph.D., the consultative examiner, that he had a seventh grade education, the last year of which was in special education. (R. 332-336.) Ultimately, the Law Judge is tasked with resolving inconsistencies in the record, and there is

7

having completed the sixth grade. (R. 25.) He also found that plaintiff suffered several severe impairments, that plaintiff had not worked since his disability onset date, and that his RFC precluded him from returning to his past relevant work. (R. 19, 20, 24-25.)

There remains the question on this record about whether plaintiff had a thirty-five year history of arduous, unskilled, physical labor. The Law Judge did not consider the entirety of plaintiff's work history over the last thirty-five years, focusing only on the prior fifteen years addressed by the VE. (R. 24-25, 48-60.) Plaintiff contends that his entire work history was arduous physical labor, but the record reflects plaintiff has performed semi-skilled work. The instant Law Judge in this case found that plaintiff had worked as a fork lift operator, and the first Law Judge found that he had worked as a sander, loader, and mason helper; all semi-skilled work.[9] (R. 24, 48-60, 78.)

Under the regulations, "isolated, brief, or remote periods" of experience in semi-skilled work would not preclude application of the rule where the claimant did not develop job skills which enhanced his present ability to do lighter work. SSR 82-63, 1982 WL 31390, at *3 (1982); *See also Walston v. Sullivan*, 956 F.2d 768, 772-773 (8th Cir. 1992) (previous unskilled work that confers no transferable skills to work which claimant could perform does not preclude a finding of disability under the rule). The sheer number of jobs that plaintiff has performed at the semi-skilled level provide substantial evidentiary support for a finding that those periods were not merely isolated, brief or remote. It is clear from the prior Law Judge's decision that plaintiff's work experience was not limited to only unskilled physical labor. (R. 74, 78.)

---

substantial evidence supporting his finding that plaintiff completed only the sixth grade. *See Craig v. Chater*, 76 F.3d 585, 589-590 (4th Cir. 1996).

[9] Quite a few of these and other jobs appear to qualify as medium work. (R. 24, 48-60, 78.) If this were the only impediment to the application of the rule, the case might need to be remanded for further proceedings because the Law Judge is given "room for judgment" in deciding whether the criterion for arduous labor has been met. SSR 82-63, 1982 WL 31390, at *3 (1982). Of course, this is not the only impediment to the application of the rule.

Moreover, to the extent that the record is not clear enough to determine how long these jobs lasted or whether plaintiff possesses any transferable skills, the undersigned finds that plaintiff simply failed to discharge his burden proof to show that all criteria were met to compel application of the rule.

Furthermore, there is substantial evidence that plaintiff did not work for more than thirty-five years. Plaintiff claims that he began working in 1975 at the age of 14, and there is evidence showing that he received income that year. However, his earnings in 1975 and 1976 amounted to only $288.73, so little that his "date first insured" was deferred to the last quarter of 1977. (R. 145-146.) Moreover, plaintiff had no earnings in either 1979 or 1982, and it appears clear that he stopped working in 2007, as there were no reported earnings in 2008-2010.[10] (R. 146.) Even plaintiff has acknowledged a work history of 34 years and 6 months prior to his onset date, which, itself, falls short of meeting the requirements of the rule. (Dkt. No. 12, at 4-5.) More than that, the record demonstrates that he actually worked a maximum of only 31 years, and arguably as few as 29. (R. 145-146.) Accordingly, plaintiff cannot claim benefit of the "worn-out worker rule," and the Law Judge's failure to consider it does not establish a basis to reverse or remand. *See generally Pluid v. Colvin*, No. CV 12-65-M-DLC-JCL, 2013 WL 1583529, at *3-4 (D.Mont. March 20, 2013).

For all these reasons, it is RECOMMENDED that an Order enter DENYING plaintiff's motion for summary judgment, GRANTING the Commissioner's motion for summary judgment, and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b), they are

---

[10] Plaintiff's prior disability applications alleged an onset date of March 31, 2007, and the prior Law Judge found in his June 30, 2009 decision that plaintiff did not have thirty-five years of work experience. (R. 65-67, 74.)

9

entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

Date: June 19, 2013